UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | | |
|---|---|---|---|
| LANCE W. WALTERS, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. 1:24-cv-00449-SEB-CSW | |
| | ) | | |
| T. BELLO Deputy, | ) | | |
| SALAJA Deputy, | ) | | |
| DEPUTY U, | ) | | |
| OLADELE Corporal, | ) | | |
| HICKS Lt., | ) | | |
| STEWART Sgt., | ) | | |
| KERRY FORRESTAL, | ) | | |
| B. TAYBIOR, | ) | | |
| PAIGE Deputy Sgt., | ) | | |
| JANE DOE Deputy, | ) | | |
| | ) | | |
| Defendants. | ) | | |

**Order Screening Complaint, Denying Preliminary Injunction Motion,
and Directing Further Proceedings**

Plaintiff Lance Walters is a prisoner currently incarcerated at the Hancock County Jail. She
filed this civil action alleging she was subjected to unconstitutional conditions of confinement
while an inmate at the Marion County Jail ("MCJ"). Because the plaintiff is a "prisoner," this Court
has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a),
(c). The Court also **DENIES** Plaintiff's pending motion for preliminary injunction/temporary
restraining order, dkt. 3, and discusses Plaintiff's recent filing as to her current address, dkt. 20.

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or
malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is
immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a

claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Plaintiff's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). The complaint names as defendants: (1) Deputy T. Bello; (2) Deputy Salaja; (3) Deputy U; (4) Corporal Oladele; (5) Lt. Hicks; (6) Sgt. Stewart; (7) Sheriff Kerry Forrestal; (8) B. Taybior; (9) Sgt. Paige; and (10) Deputy Jane Doe.

Plaintiff alleges generally that while serving a post-conviction sentence at MCJ instead of in the Indiana Department of Correction ("IDOC"), she was subjected to repeated harassment because of her gender identity/gender dysphoria. The IDOC has specific policies governing transsexual inmates that MCJ has not adopted and Plaintiff states she would rather have served her sentence in the IDOC because of their policies. She wishes to require that MCJ adopt policies conforming with recommendations from WPATH.[1]

Plaintiff was housed in a medication-assisted treatment ("MAT") unit for opioid use disorder. On one occasion, while Plaintiff was receiving her medication, Deputies Bello, Solaja,

---

[1] Plaintiff does not identity this organization in her complaint. It appears she is referring to the World Professional Association for Transgender Health. *See* www.wpath.org.

and U (or V) verbally harassed her for crossing her legs and not sitting "like a man." Dkt. 1, p. 4. Plaintiff filed a Prison Rape Elimination Act ("PREA") grievance about this incident, and the initial response to it addressed her as "Sir," to which she objected. Afterwards, someone at MCJ filed a conduct report against Plaintiff but after appeal it was resolved in her favor with an apology from the grievance specialist.

Deputy Bello in particular subjected Plaintiff to repeated verbal harassment and threats to remove her from the MAT program. There is no allegation in this complaint that Plaintiff ever actually was removed from the program.

Lt. Hicks and Sgt. Stewart never investigated her repeated complaints about her treatment but instead "coerced Corporal Oladele to fabricate fictitious dhb reports in retaliation for complaints . . . ." Dkt. 1, p. 6. Plaintiff also claims that she was fearful of being placed in segregation with violent inmates in retaliation for her complaints. Multiple guards are "aggressive and intimidating" and untrained in how to interact with transgender inmates, and also are difficult to speak with because they have African accents.

Plaintiff has "previously been assaulted and segregated with thugs gang members and officers allowed other gang members to threaten her to get her MAT medication and throw human fecal matter on her when she did not." Dkt. 1, p. 8. At some point, however, she was moved to a solitary cell, though she remained fearful of being moved back with dangerous inmates.

On one occasion, Plaintiff and other inmates were pat-down searched in a group setting. Plaintiff objected to Cpt. Taybior, a male, performing the search instead of a female guard. Cpt. Taybior touched Plaintiff's genitalia and breasts during the search. Plaintiff complained to Sgt. Paige and Deputy Jane Doe about the search, neither of whom took any action. Deputy Jane Doe also laughed at Plaintiff and said she should not have come to jail if she did not like being touched.

Plaintiff believes Sgt. Paige and Deputy Jane Doe should have reported the search incident as a PREA violation.

During a disciplinary hearing on February 26, 2024, Sgt. Stewart was "rude" to her and she generally was not allowed to present her side of the case. Dkt. 1, p. 11. She also states she was denied an appeal following the hearing. However, Plaintiff also states that on February 27, 2024, she was "found not guilty of all of the false charges by the dhb." *Id.* at p. 12.

According to Plaintiff, someone at MCJ has restricted her access to the kiosk system until March 2025, which impeded her ability to file grievances, access the law library, make medical requests, and access religious services.

Plaintiff is seeking damages and injunctive relief. She also has filed a motion for a preliminary injunction/temporary restraining order. Dkt. 3. Plaintiff has since notified the Court that she is no longer incarcerated at MCJ and is now incarcerated at the Hancock County Jail as of June 12, 2024. Dkt. 20.

### III. Discussion of Claims

This action is brought pursuant to 42 U.S.C. § 1983. Section 1983 "provides a cause of action for the deprivation of constitutional rights by persons acting under color of state law." *Torres v. Madrid*, 141 S. Ct. 989, 994 (2020). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). In this case, it is the Eighth Amendment because Plaintiff was a post-conviction inmate at MCJ.

> In cases involving the conditions of confinement in a prison, two elements are required to establish a violation of the Eighth Amendment's prohibition against cruel and unusual punishment: first, an objective showing that the conditions are sufficiently serious—*i.e.*, that they deny the inmate the minimal civilized measure of life's necessities, creating an excessive risk to the inmate's health and safety—and second, a subjective showing of a defendant's culpable state of mind.

*Isby v. Brown*, 856 F.3d 508, 521 (7th Cir. 2017) (internal citations and quotation omitted).

4

Some of Plaintiff's complaint also may implicate the Due Process Clause of the Fourteenth Amendment. "A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient." *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007)

The Court first notes that Plaintiff's complaint arguably contains a variety of misjoined claims. A plaintiff is not permitted to treat a single federal complaint as a sort of general list of grievances. *Mitchell v. Kallas*, 895 F.3d 492, 502–03 (7th Cir. 2018) ("Out of concern about unwieldy litigation and attempts to circumvent the [Prison Litigation Reform Act's] PLRA's fee requirements, we have urged district courts and defendants to beware of 'scattershot' pleading strategies."). Many of the claims here are about a number of different and unrelated incidents, situations, and defendants.

Regardless, in the interests of judicial economy, the Court has reviewed the entirety of the complaint and determined that all but one of the possible claims Plaintiff raises is subject to dismissal for failure to state an actionable claim under Section 1983.

**A. Claim that Shall Proceed**

Construing Plaintiff's pro se complaint liberally, she has adequately alleged that Deputy Bello subjected her to unwarranted harm, and cruel and unusual punishment, by preying on Plaintiff's known vulnerability as a transgender person through repeated verbal harassment. "[T]he Eighth Amendment . . . protects psychologically vulnerable inmates against psychological pain deliberately inflicted by correctional officers." *Lisle v. Welborn*, 933 F.3d 705, 718 (7th Cir. 2019). Prison or jail staff cannot exploit "a known vulnerability to create a danger or harm that cannot have any legitimate penological purpose." *Id.* Although one instance of telling Plaintiff to uncross

her legs and to sit "like a man" by itself might not have been enough to state a constitutional claim, Plaintiff's allegation of repeated verbal harassment by Deputy Bello is sufficient. This claim **shall proceed** against Deputy Bello as an Eighth Amendment claim.

### B. Claims that Shall Not Proceed

Plaintiff makes claims related to what she believes is an inadequate implementation of PREA at MCJ. "[T]hough PREA is a federal law, it does not create a private cause of action." *McRae v. Myers*, No. 22-1821, 2023 WL 2423590, at *3 (7th Cir. Mar. 9, 2023), *cert. denied*. There also is no "freestanding constitutional right to [a PREA] investigation under § 1983." *Bracy v. Tully*, No. 1:22-CV-827, 2022 WL 3229325, at *3–4 (E.D. Va. Aug. 10, 2022) (collecting cases). As for grievance procedures generally, they "are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause." *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011) (citing *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Grieveson v. Anderson*, 538 F.3d 763, 772 & n. 3 (7th Cir. 2008); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)). As explained in *Antonelli*, 81 F.3d at 1430-31, "any right to a grievance procedure is a procedural right, not a substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Id.* at 1430-31(internal citations omitted). Any claims against any defendants based on the alleged inadequacy of or irregularities related to implementation of PREA, or more generally in the handling of Plaintiff's grievances, **are dismissed**.

Plaintiff also has failed to state any claims about the allegedly unsupported disciplinary complaints filed against her, or about the way in which disciplinary hearings were held. She does not identify any particular disciplinary complaint that resulted in punitive action against her. "Plaintiffs who bring a § 1983 action for procedural due process violations must first establish the

deprivation of a constitutionally protected interest in life, liberty or property." *Barnes v. Ramos*, 2 F. App'x 507, 510 (7th Cir. 2001) (citing *Williams v. Ramos*, 71 F.3d 1246, 1248 (7th Cir. 1995) (per curiam)). Also, fraudulent conduct in the in the course of a prison discipline hearing is not by itself a violation of due process. *Lagerstrom v. Kingston*, 463 F.3d 621, 625 (7th Cir. 2019). Instead, the prisoner receives "protection from such arbitrary action . . . in the procedures mandated by due process," including the right to advance notice, exculpatory evidence, an impartial decisionmaker, and written findings. *Id.*

To the extent Plaintiff suggests she must have been subjected to some discipline, based on restriction of her access to the MCJ kiosk system, this allegation fails to demonstrate that this "resulted in atypical and significant hardship in relation to the ordinary incidents of prison life" as required to proceed with a constitutional claim on this point. *Barnes*, 2 F. App'x at 510 (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Or, put another way, she does not allege a recognizable "injury" for purposes of Section 1983 with respect to restriction of kiosk access. "In order to succeed in a § 1983 suit, a plaintiff must establish not only that a state actor violated his constitutional rights, but also that the violation *caused* the plaintiff injury or damages." *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1033 (7th Cir. 2019). There are no allegations that the restricted kiosk access actually harmed her. For these reasons, any claims against any defendants based on the disciplinary proceedings at MCJ **are dismissed**.

Regarding Plaintiff being pat-down searched by Cpt. Taybior, a male, and the failure of Sgt. Paige and Deputy Jane Doe to intervene in that search, the general rule in the Seventh Circuit is that there is no Eighth Amendment bar against cross-gender pat-down searches—whether it be female guards patting down male inmates or male guards patting down transgender inmates— unless the search is done for an improper purpose. *See Renee v. Neal*, 2018 WL 3861610, at *1

(N.D. Ind. Aug. 13, 2018) (citing *Johnson v. Phelan*, 69 F.3d 144, 146 (7th Cir. 1995)). There is no allegation that the pat-down search was done for an improper purpose. Any claims against any defendants based on the pat-down search **are dismissed**.

It is possible that Plaintiff is also attempting to assert that various defendants failed to adequately protect her from other, violent inmates. Jail officials have a duty to protect inmates from violent assaults by other inmates. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). They incur liability for the breach of that duty when they were "aware of a substantial risk of serious injury to [an inmate] but nevertheless failed to take appropriate steps to protect [her] from a known danger." *Guzman v. Sheahan*, 495 F.3d 852, 857 (7th Cir. 2007) (quoting *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002)); *see also Santiago v. Walls*, 599 F.3d 749, 758–59 (7th Cir. 2010). Damages for "a deliberate indifference claim cannot be predicated merely on knowledge of general risks of violence," *Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000), or fear of an unrealized attack, *see Babcock v. White*, 102 F.3d 267, 270 (7th Cir. 1996). To the extent Plaintiff was subjected to an assault or assaults by other inmates, she also states that she was moved to a solitary cell at some point to alleviate that issue. Plaintiff continued to have a generalized fear of possibly being moved back into housing with dangerous inmates, but there is no allegation that that ever came to pass. Any claims against any defendants based on a failure-to-protect theory **are dismissed**.

With respect to Plaintiff wanting MCJ to adopt recommendations from WPATH with respect to treatment of transsexual inmates, the Court is aware of no authority that would allow it to order a prison or jail to adopt recommendations from a private organization as necessary to comply with the Eighth Amendment. To the contrary, "while the recommendations of . . . various groups may be instructive in certain cases, they simply do not establish the constitutional minima; rather, they establish goals recommended by the organization in question." *Bell v. Wolfish*, 441

U.S. 520, 543 n. 27 (1979). Similarly, regarding the IDOC allegedly having preferable policies than MCJ regarding treatment of transsexual inmates, different institutions may implement different policies with respect to treatment of inmates without necessarily violating the constitution. *See id.* Any claims against any defendants regarding a failure to adopt WPATH policies regarding treatment of transgender inmates or based upon MCJ having different policies regarding transgender inmates than the IDOC, **are dismissed**.[2]

### IV. Motion for Preliminary Injunction/Temporary Restraining Order

"In an action seeking injunctive relief, . . . . once the threat of the act sought to be enjoined dissipates, the suit must be dismissed as moot." *Loertscher v. Anderson*, 893 F.3d 386, 392–93 (7th Cir. 2018) (cleaned up). "An inmate's transfer from the facility complained of moots the equitable and declaratory claims unless his return to the facility is certain." *Howe v. Godinez*, 558 F. Supp. 3d 664, 667 (S.D. Ill. 2021) (citing *Ortiz v. Downey*, 561 F.3d 664 (7th Cir. 2009)). "A court's power to grant injunctive relief only survives if such relief is actually needed." *Nelson v. Miller*, 570 F.3d 868, 882–83 (7th Cir. 2009).

Plaintiff's motion seeks generally to prevent MCJ staff from retaliating against her, placing her in segregation, or subjecting her to cross-gender searches in group settings. Plaintiff is no longer in MCJ custody. Thus, Plaintiff's motion, dkt. [3], is **denied without prejudice** as moot.

---

[2] Plaintiff has five other pending lawsuits in this Court. The Court is aware that some of the assertions in this complaint may overlap with some of the assertions made in other complaints. This screening order only addresses the validity of the claims as specifically stated in this complaint and has no effect on the other cases.

## V. Plaintiff's Current Address

As mentioned, Plaintiff has notified the Court of her current incarceration in the Hancock County Jail. Dkt. 20. The Court has updated the docket accordingly.

Plaintiff's motion also asserts that the Hancock County Sheriff has deprived her of all paperwork related to her pending cases in this court, including this case. She requests an order requiring the Hancock County Sheriff to provide her with such paperwork. The Hancock County Sheriff, however, is not a party to this action and the court cannot order him to do so. At a minimum, Plaintiff would need to exhaust her administrative remedies at the Hancock County Jail with respect to access to her legal paperwork and file a separate lawsuit if she believes she is being deprived of access to the courts.

Finally, Plaintiff's motion requests a blanket extension of time regarding any pending deadlines. There are no current, upcoming deadlines for Plaintiff in this case. The Court will set a deadline, stated below, for Plaintiff to identify additional claims in this case.

## VI. Conclusion and Service of Process

As discussed above, the only claim that shall proceed in this case is an Eighth Amendment claim against Deputy T. Bello. All other claims are **dismissed**. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, she shall have **through August 9, 2024,** in which to identify those claims.

The **clerk is directed** to terminate defendants Salaja, Deputy U, Oladele, Hicks, Stewart, Kerry Forrestal, B. Taybior, Paige, and Jane Doe as defendants on the docket.

Plaintiff's motion for a preliminary injunction/temporary restraining order, dkt. [3], is **denied without prejudice**.

Plaintiff's motion for an extension of time and to order the Hancock County Sheriff to provide her with her legal paperwork, dkt. [20], is **denied without prejudice**.

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendant Deputy T. Bello in the manner specified by Rule 4(d). Process shall consist of the amended complaint filed on March 8, 2024, dkt [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Date:      6/28/2024

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

LANCE W. WALTERS
2317886
Hancock County Jail
398 Malcolm Grass Way
Greenfield, IN 46140

DEPUTY T. BELLO
Marion County Sheriff's Office
695 Justice Way
Indianapolis, IN 46203